**FILED**
**Mar 11, 2021**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **BLADIMIR BERMUDEZ,** | ) | **Docket No. 2018-06-0374** |
| **Employee,** | ) | |
| **v.** | ) | |
| **RICK MESSINA** | ) | **State File No. 18258-2018** |
| **d/b/a MESSINA MASONRY &** | ) | |
| **CONSTRUCTION, LLC,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

_____

## COMPENSATION ORDER FOR BENEFITS
### (DECISION ON THE RECORD)
_____

Mr. Bermudez suffered a workplace fall and filed a request for a compensation hearing on the record seeking temporary total and permanent partial disability benefits, as well as medical benefits including payment of past medical expenses. Messina Masonry did not oppose any of Mr. Bermudez's requests, so the Court awards him all the requested relief.

## Claim History

Mr. Bermudez, a Tennessee resident, worked for Messina earning $600.00 per week. On January 26, 2018, Mr. Bermudez fell from a scaffolding and fractured his left ankle. Messina provided no benefits, and Mr. Bermudez never worked for the company again.

Needing treatment, Mr. Bermudez went to a hospital and then came under the care of Dr. Manish Sethi. Dr. Sethi took him off work, operated on his ankle, placed him at maximum medical improvement on September 25, 2020, and assigned a five-percent permanent impairment rating. Dr. Sethi also submitted a statement declaring that Mr. Bermudez's injury arose primarily from his work and that all medical care he received from the injury was reasonable and medically necessary. Mr. Bermudez did not file any of his medical bills.

Mr. Bermudez filed a petition for benefit determination within sixty days of his injury date, alleging that Messina did not have workers' compensation coverage at the time of his injury. The Bureau's compliance investigator determined Messina lacked workers' compensation insurance.

Mr. Bermudez remained out of work from the date of his injury (January 26, 2018) until Dr. Sethi placed him at maximum medical improvement (September 25, 2020). He seeks $50,571.43 in temporary disability benefits, $9,000.00 in permanent disability benefits, medical bill payments, and future medical care.

### Findings of Fact and Conclusions of Law

Mr. Bermudez must prove by a preponderance of the evidence that his work injury arose primarily out of and in the course and scope of his work and resulted in permanent impairment. Regarding the requested medical benefits, he must prove that the need for treatment arose primarily out of and in the course and scope of employment and that the treatment was reasonable and necessary. *See* Tenn. Code Ann. §§ 50-6-204(a)(1)(A), 50-6-239(c)(6) (2020); *Panzarella v. Amazon.com, Inc.*, No. E2017-01135-SC-R3-WC, 2018 Tenn. LEXIS 244, at *8 (Tenn. Workers' Comp. Panel May 16, 2018). As the evidence submitted by Mr. Bermudez is undisputed, the Court holds Messina Masonry must provide all the relief requested.

To receive temporary total disability benefits, Mr. Bermudez must prove that his compensable injuries totally disabled him from working for a specific period of time. *See Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Here, he proved that Dr. Sethi took him out of work due to his compensable injury from April 30, 2018, until his release at maximum medical improvement on September 25, 2020. So, Mr. Bermudez proved entitlement to temporary total disability benefits totaling $50,571.43 over his period of disability. Messina shall pay him these benefits. This amount is in addition to the $5,428.30 the Court previously awarded Mr. Bermudez.[1]

Concerning permanent partial disability benefits, Mr. Bermudez proved he suffered an "injury . . . arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14). He fell from scaffolding and fractured his left ankle while working for Messina. The medical records support his account of how he became injured. Further, Dr. Sethi stated that Mr. Bermudez's ankle fracture arose primarily out of this

---

[1] In previous orders, the Court awarded Mr. Bermudez to pay $5,428.30 in temporary total disability benefits for time off work January 26, 2018, to April 30, 2018. The Court also ruled him eligible to request payment from the Uninsured Employer's Fund, and the Fund paid those benefits. It is unclear which amount, if any, in medical benefits the Fund paid for Mr. Bermudez.

employment. Thus, Mr. Bermudez's injuries arose primarily out of and in the course and scope of employment.

As a result of the accident, Mr. Bermudez proved that he retains five-percent permanent impairment for his compensable injury and is entitled to an award of permanent partial disability benefits for 22.5 weeks. This results in an award of $9,000.00 (22.5 x $400 per week), the entire amount of permanent partial disability benefits he requested. *See* Tenn. Code Ann. § 50-6-207(3).

Turning to medical benefits, under the Workers' Compensation Law, the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Dr. Sethi's signed statement shows Mr. Bermudez's medical treatment was reasonable, necessary, and resulted from the work accident. Mr. Bermudez's unrefuted declaration demonstrates Messina did not offer any medical care for this injury. Therefore, the Court holds Messina must pay for treatment Mr. Bermudez received from Dr. Sethi and the hospital. *See, e.g.*, *Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own."). However, because Mr. Bermudez filed none of his past medical bills, the Court cannot determine the amount Messina is required to pay.

The Court also authorizes Dr. Sethi to provide ongoing treatment of Mr. Bermudez's compensable injuries, again because Messina failed to provide medical care. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Finally, the Court affirms its previous holding that Mr. Bermudez is eligible to seek payment of benefits from the Uninsured Employers Fund. The Bureau has discretion to pay limited temporary disability and medical benefits from the Fund to an employee who: 1) worked for an uninsured employer, 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015, 3) was a Tennessee resident on the date of the injury, and 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within a reasonable period of time, not to exceed sixty days. Tenn. Code Ann. § 50-6-801(d)(1)-(4).

The undisputed facts show that Messina lacked workers' compensation insurance on January 26, 2018, the date of the accident. Mr. Bermudez suffered a compensable injury as a result of his accident and provided notice to the Bureau within sixty days. Lastly, Mr. Bermudez lived in Tennessee when he became injured. He therefore meets all eligibility requirements for seeking discretionary payment from the Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. In addition to the benefits awarded by previous order, Messina shall pay Mr. Bermudez $50,571.43 in temporary disability benefits.

2. Messina shall pay Mr. Bermudez $9,000 in permanent partial disability benefits.

3. Messina shall pay for past medical care with Dr. Sethi and Vanderbilt University Medical Center for this injury. Mr. Bermudez or the medical providers shall furnish any other reasonable, necessary and related bills to Messina for prompt payment. The bills and payments are subject to the fee schedule.

4. Messina shall provide reasonable and necessary future medical benefits with Dr. Sethi for this work injury.

5. Mr. Bermudez's attorney, Timothy Lee, provided valuable service in securing these benefits. Because his fees would exceed $10,000 if paid at twenty percent of the total award, he must submit an affidavit and motion for his attorney fees.

6. The Court taxes the $150 filing to fee to Messina, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) within five business days of this order becoming final, and for which execution might issue if necessary.

7. Unless an appeal is filed, this order shall become final in thirty days.

8. Mr. Bermudez's attorney, Mr. Lee, shall file a completed SD-2 within five days of this order becoming final.

**ENTERED March 11, 2021.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

1. Petition for Benefit Determination filed March 2, 2018
2. Dispute Certification Notice filed May 7, 2018
3. Request for Scheduling Hearing

4. Request for Expedited Hearing
5. Declaration of Bladimir Bermudez dated December 17, 2018
6. Declaration of Bladimir Bermudez dated April 6, 2019
7. Expedited Request for Investigation Report
8. Request for Investigation
9. Medical Records filed January 22, 2019
10. Exhibits to Employee's Position Statement filed March 1, 2019

## CERTIFICATE OF SERVICE

I certify that a correct copy of this is order was sent as indicated on March 11, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tim Lee, Employee's Attorney | | | X | tim@timleelawfirm.com |
| Rick Messina, Self-represented Employer | X | | X | 2418 Old Greenbrier Pike Greenbrier, TN 37073 messinamasonry@live.com |
| Uninsured Employers Fund | | | | Lashawn.pender@tn.gov |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*